# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TREMAYNE B. BESTER, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO.: 3:08-CV-177-TLS |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) |
| Respondent. | ) |

## OPINION AND ORDER

The Petitioner, Tremayne B. Bester, a prisoner confined at the Westville Correctional Facility, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] dealing with the loss of earned credit time in a disciplinary hearing. On July 15, 2008, the Court dismissed his initial Petition without prejudice because he failed to pay the filing fee [ECF No. 5]. The Petitioner then paid the filing fee [ECF No. 11] and filed an Amended Petition [ECF No. 10], which is now before the Court.

On February 13, 2007, a Disciplinary Hearing Body ("DHB") found the Petitioner guilty of committing a battery with a weapon or inflicting serious injury, sentenced him to one year in disciplinary segregation, and deprived him of 180 days of earned credit time. The Petitioner unsuccessfully appealed to the facility superintendent and the Indiana Department of Correction ("IDOC") final reviewing authority.

The Amended Petition presents three grounds. In ground one, the Petitioner asserts that the DHB failed to provide him with "an adequate written statement as to the evidence relied on and its reason for [its] guilty finding." (Am. Pet. 4, ECF No. 10.) In ground two, he contends that the DHB deprived him of due process when it considered "the contents of I.A. case file 07-ISP-035-IA . . . without sending [him] a copy or summary of the contents they considered." (*Id.*) In

ground three, he alleges that there was insufficient evidence to support a finding of guilt. (*Id.* 6–7.) In his Memorandum in Support of Response to Order to Show Cause [ECF No. 16], the Respondent argues that the DHB afforded the Petitioner due process because the DHB's decision was based on sufficient evidence, that a violation of IDOC policy is not a basis for habeas relief, and that the Petitioner waived his claim that the DHB did not provide him with an adequate statement of the evidence relied on because he did not make that argument in his disciplinary appeal.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

On January 25, 2007, several inmates at the Westville Correctional Facility attacked and injured inmate Antoine Jones. There were no staff witnesses to the attack, and an investigation was conducted to determine what had happened. On February 2, 2007, at the conclusion of the investigation, Investigator R. Carrasco prepared a Conduct Report accusing the Petitioner of being one of the inmates involved in this incident, and charging him with battery with a weapon or causing serious injury. According to the Conduct Report:

> On 01/25/07 an investigation was initiated due to several fights/batteries involving multiple offenders. This investigation is now concluded and during the

2

course of the investigation the above offender is in violation of the above code.
See Report of Investigation.

(Conduct Report, ECF No. 16-2.)

In the Report of Investigation, Investigator Carrasco states that "[o]n 01/25/07 at approximately 3:05 pm Offender Bester # 973466 was identified as one of the offenders that assaulted Offender Jones # 129759. Offender Bester was seen hitting Offender Jones with a lock in a sock in the head." (Report of Investigation, ECF No. 16-3.) On February 13, 2007, the DHB conducted a hearing and relied on the Internal Affairs case file to find the Petitioner guilty. (Report of Disciplinary Hearing, ECF No. 16-7.)

## ANALYSIS

A. **Adequacy of the Written Statement of the Evidence Relied on to Find the Petitioner Guilty**

The Petitioner asserts that the DHB failed to provide him "with an adequate written statement as to the evidence relied on and its reason for [its] guilty finding." (Am. Pet. 4, ECF No. 10.) The Respondent argues that the Petitioner waived this claim because he did not present it in his administrative appeal. In his Traverse, the Petitioner again addresses the merits of this claim, but does not respond to the Respondent's procedural default argument. (*See* Traverse 3–5, ECF No. 25-2.)

The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *O'Donnell v. Davis*, 115 Fed. Appx. 869, 871 (7th Cir. 2004); *Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992). To obtain federal habeas review, a prisoner must take all available appeals, including administrative appeals, and must have raised in those appeals any issue on which the prisoner seeks federal review. *See, e.g.*, *Wilson-El v.*

*Finnan*, 263 Fed. Appx. 503, 506 (7th Cir. 2008); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

In his appeal, the Petitioner argued that the Internal Affairs case file the DHB relied on "was not present at the hearing to be reviewed by Bester or the board members," (Disciplinary Hearing Appeal 2, ECF No. 16-9), that the DHB failed to properly review security videotapes (*id.* 3), and that there was no evidence that he committed battery on Jones, (*id.* 4). It does not appear that the Petitioner asserted in his appeal that the DHB provided an insufficient statement of the evidence relied on, so he did not exhaust his administrative remedies as to this issue.

But even had the Petitioner exhausted his administrative remedies, he could not prevail on this claim. In order to comply with due process, "there must be a 'written statement by the factfinders as to the evidence relied on and the reasons' for the disciplinary action." *Wolff*, 418 U.S. at 564 (quoting *Morrissey v. Brewer,* 408 U.S. 471, 489 (1972)). If a disciplinary hearing board's statement of facts relied on "establish[es] the evidence underlying its decision, then the inmate is protected from mischaracterization of the disciplinary action when it comes under review." *Redding v. Fairman*, 717 F.2d 1105, 1116 (7th Cir. 1983).

The DHB Chairman wrote in the portion of the hearing form entitled "Reason for decision" that "[b]ased on IA case file 07-ISP-035-IA we find this offender guilty of battery." (Report of Disciplinary Hearing.) The Petitioner was aware that the investigative report stated that witnesses saw him "hitting Offender Jones with a lock in a sock in the head." (Report of Investigation.) At the hearing, the Petitioner stated: "It seems to be a misidentification on the witness part" (Report of Disciplinary Hearing), and the centerpiece of his attempt to undermine the DHB's finding of guilt is his argument that the witnesses cited in the report were never found to be reliable, (Traverse 3). Because the DHB relied on the witness statements to find the Petitioner guilty, and its written findings reflect that reliance, the written statement of facts was

4

sufficient to establish the evidence underlying the DHB's decision. The question of reliability of the witnesses will be addressed below.

**B.      Due Process and the Denial of a Summary of the Confidential Report**

In ground two, the Petitioner contends that the DHB deprived him of due process when it considered "the contents of I.A. case file 07-ISP-035-IA . . . without sending [him] a copy or summary of the contents they considered." (Am. Pet. 4.) The Respondent characterizes this portion of the Petition as a claim that the DHB violated the IDOC's adult disciplinary policy ("ADP") by not giving him a detailed summary of the internal affairs file.

The Respondent is correct that a claim of violation of IDOC policy, like that advanced in the Amended Petition, states no claim upon which federal habeas relief can be granted. *Hester v. McBride*, 966 F.Supp. 765, 774–75 (N.D. Ind. 1997).[1] However, the Petitioner also argues that use of the contents of the confidential file without giving him a copy of the summary of its contents or an indication that the information was reliable violated his Fourteenth Amendment due process rights. (Traverse 4.) The Petitioner's federal due process claim that he is entitled to receive summaries of confidential statements, however, fails if a redacted or summarized report could have still enabled him to identify the inmates who provided the confidential information. As the Seventh Circuit has stated:

> [T]he additional information [the petitioner sought] would have tipped him off to the names of all or most of the informants, whether the informants were the alleged victims . . . or witnesses . . . or some of each. Such a tip-off could be lethal . . . . Violent crime directed at other inmates is a common experience in our

---

[1]The Respondent also argues there is no violation of the ADP because the Petitioner never requested a copy of the Internal Affairs file. The Petitioner does not deny this. But for the reasons discussed above, the Court will proceed to an analysis of the Petitioner's due process claims.

> prisons today, and "rats" are frequent targets. In the short run revealing the names of informants . . . could lead to the death or serious injury of some or all of the informants; in the long run it would dry up the supply of informants.

*McCollum v. Miller*, 695 F.2d 1044, 1048 (7th Cir. 1982) (citation omitted). Because revealing the names of informants can lead to their death or serious injury, the governmental interest in institutional safety and an efficient disciplinary system are especially implicated when inculpatory information is provided by confidential informants. But the governmental interest in protecting confidential informants and maintaining prison security must be balanced against the interest of prisoners in disciplinary hearings that are "not so lacking in procedural safeguards that they create substantial doubt that the[] prisoners committed the offenses for which they were disciplined." *Jackson v. Carlson*, 707 F.2d 943, 948 (7th Cir.1983).

The Seventh Circuit has held that one of the purposes of a federal court's *in camera* review of a confidential report is to determine "whether providing the inmate with more specific factual information . . . would seriously risk exposing the confidential informant's identity." *Mendoza v. Miller*, 779 F.2d 1287, 1293 (7th Cir. 1985) (quotation marks omitted); *see also McKinney v. Meese*, 831 F.2d 728, 732 (7th Cir. 1987) (the court "examined the documents submitted *in camera* and finds that to reveal their contents or further respond to the petitioner's request would lead to the identity of confidential informants and that the release of this information would endanger lives").

The Respondent submitted a copy of case file 07-ISP-035 under seal. Having reviewed the report *in camera*, this Court concludes that providing the Petitioner with a summary of the confidential witness statements would have seriously risked exposing their identities. Accordingly, prison officials did not violate the Petitioner's federally protected due process rights by not providing him with a summary of the confidential witness statements.

## C. Sufficiency of the Evidence to Support a Finding that the Petitioner Committed Battery

In ground three, the Petitioner asserts that there was a lack of physical evidence to support a charge of battery. He also argues in his Traverse that the DHB did not find that the statements of confidential informants, which the board relied on, were reliable and therefore this evidence could not be used to support its finding of guilt.

The Respondent argues that due process in a prison disciplinary hearing does not require physical evidence and that the evidence available to the DHB was sufficient to support a finding of guilt under the "some evidence" standard as articulated in *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. at 455. In his Traverse, the Petitioner argues that the only evidence linking him with this offense is "a witness statement contained in the file that positively identifies Bester as the person who attacked Jones with a 'lock in a sock.'" (Traverse 2.) The Petitioner asks this Court to " review[] the *in camera* material and confirm if the informant is reliable or not." (*Id.* 3.)

The Respondent is correct in asserting that physical evidence of guilt is not required to find a prisoner guilty of misconduct, and that information from confidential witnesses can support a finding of guilt. The Petitioner's contention that there must be a finding of reliability for confidential witness statements to support a finding of guilt in a prison disciplinary hearing is also a correct statement of the law. To protect an inmate's interest in a fair hearing, the courts require "some indication of the reliability of confidential informants when confidential information is the basis for a prison disciplinary decision." *Mendoza*, 779 F.2d at 1293 (citing *Dawson v. Smith*, 719 F.2d 896, 899 (7th Cir.1983)).

"Not all prison inmates who inform on other inmates are telling the truth; some are enacting their own schemes of revenge." *McCollum*, 695 F.2d at 1049. Accordingly:

> Requiring a reliability determination is a procedural safeguard which helps assure

7

> that the disciplinary committee conducts a full and meaningful hearing, even
> when the prisoner does not know and thus cannot contest the specific information
> to be used against him. . . . Assessment of the reliability of inmate informants is
> an essential prerequisite to imposing discipline for violations established through
> the use of informant testimony . . . . No adjudicative conclusion can be reliable,
> and no meaningful due process can be accorded, if accusations are accepted at
> face value, with no consideration of their source.

*Wells v. Israel*, 854 F.2d 995, 998–99 (7th Cir. 1988) (quotation marks and brackets omitted).

"A prisoner may be subjected to disciplinary action without revealing to him the name of the confidential informant, provided that the record, including the confidential record, reflects sufficient indicia of the informant's reliability." *McKinney*, 831 F.2d at 731 (citing *Mendoza*, 779 F.2d at 1293, and *Dawson*, 719 F.2d at 899). The reliability of confidential informants may be established by any of four methods:

> (1) the oath of the investigating officer as to the truth of his report containing
> confidential information and his appearance before the disciplinary committee;
> (2) corroborating testimony; (3) a statement on the record by the chairman of the
> disciplinary committee that [ ] he had firsthand knowledge of the sources of
> information and considered them reliable on the basis of their past record of
> reliability; or (4) in camera review of material documenting the investigator's
> assessment of the credibility of the confidential informant.

*Whitford v. Boglino,* 63 F.3d 527, 535–36 (7th Cir. 1995) (quoting *Mendoza*, 779 F.2d at 1293). "A prisoner is not entitled to any minimum due process when challenging the reliability of confidential information. How a court conducts its reliability inquiry must be compatible with prison security and not expose the informants to undue risk." *Wells*, 854 F.2d at 999.

In its disciplinary hearing report, the DHB did not address the reliability of the confidential information contained in the investigative report. But "[w]hile it may have been preferable in a legal context that the [hearing board's] findings included an assessment of the credibility of the confidential informant, the failure of the [board] to do so does not rise to the level of a due process violation." *Dawson*, 719 F.2d at 899. This is because where, as here, the

8

DHB has not specifically addressed the reliability of confidential information on which it relied, "the court may satisfy itself of the informant's reliability by examining the *in camera* material." *McKinney*, 831 F.2d at 731. This Court has conducted an *in camera* review of case file 07-ISP-035, which the DHB relied on to find the Petitioner guilty of battery.

The confidential case file is a forty-one page document, which gives a detailed account of the investigation into the assault by several inmates on Antoine Jones. The case file establishes that during the course of the investigation, the investigator viewed surveillance tapes, gathered physical evidence, and conducted interviews of correctional officers, the victim, suspects, and inmates who were not involved in the incident. The Petitioner was one of the inmates interviewed. He denied being involved in the attack on Jones, and stated that he went down the back stairs of the cell house that night and went straight to chow by himself.

None of the staff members interviewed saw the incident, but two inmates identified the Petitioner as one of several inmates involved in the attack on Jones. The Investigator also concluded that a surveillance video showed the Petitioner and several other inmates running off of the front of the range[2] and down the front stairs at 3:01 p.m. This was four minutes before a staff member discovered Jones on the range with multiple injuries.

The Court concludes that the report of investigation identifying the Petitioner as one of Jones's assailants is thorough and reliable. The fact that two confidential inmate witnesses, in separate statements, implicated the Petitioner in the assault on Jones supports a finding of reliability. The context in which one of the witnesses gave his statement also supports a finding that the statement was reliable. While not directly implicating the Petitioner in the assault on Jones, the security video showing him running down the front stairs with several other inmates

---

[2]The range refers to the portion of the cell house in front of the cells.

shortly after the incident undermines his statement that he left the range by himself on the back stairs. *See Hill*, 472 U.S. at 456–57 (holding that a guard discovering "an inmate who evidently had just been assaulted" and seeing "three other inmates fleeing together down an enclosed walkway [when] . . . [n]o other inmates were in the area" was sufficient by itself to find the three inmates guilty of assault). Based on all the evidence, this Court concludes that the confidential information contained in the report of investigation was sufficiently reliable to allow the DHB to rely on it to find the Petitioner guilty of involvement in the assault on Jones.

For the foregoing reasons, the Petition Under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody Seeking Review of a Prison Disciplinary Sanction [ECF No. 10] is DENIED. The Court DIRECTS the Clerk to close this case.

SO ORDERED on March 30, 2012.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION